A memorandum dated this day is made a part of this order.

IT HEREBY IS ORDERED that defendant's motion for summary judgment be and hereby is granted in part and denied in part. Summary judgment is granted with respect to counts II and IV; summary judgment is denied with respect to counts I and III. Counts II and IV are dismissed.

**Kenneth J. LUNDY, Plaintiff-Appellant,**

v.

**UNION CARBIDE CORPORATION, a New York corporation; and Harrisons & Crosfield (Pacific), Inc., a California corporation, Defendants-Appellees.**

**Civ. No. 79–821FR.**

United States District Court, D. Oregon.

June 11, 1984.

Kenneth J. Lundy, plaintiff-appellant, pro se.

Jerard S. Weigler, Rick T. Haselton, Cory Streisinger, Lindsay, Hart, Neil & Weigler, Portland, Or., for defendants-appellees.

### ORDER

FRYE, Judge:

Plaintiff Kenneth J. Lundy is appealing the judgment entered in favor of defendants, as well as the court's denial of his motion for retrial, to the United States Court of Appeals for the Ninth Circuit.

Defendants seek an order requiring Lundy to file a bond or provide other security as an undertaking for costs on appeal in the amount of $2500 pursuant to Fed.R. App.P. 7. Defendants maintain that a bond is necessary because Lundy designated only select portions of the transcript of the trial court proceedings as the record on appeal.

Lundy opposes the motion on several grounds. First, Lundy states his designation of the record encompasses all of the trial court record with the exception of voir

dire, closing arguments, and approximately three hours of testimony. Lundy argues that the undesignated portions of the record are not relevant to the issues on appeal. Second, Lundy contends that the cost of transcribing the undesignated testimony (not voir dire and closing arguments) would be about $150 based on the invoice submitted to him by defendants for a previous transcription of a portion of the record. Third, Lundy points out that pursuant to 9th Cir.R. 4(c), which cross-references Fed. R.App.P. 10(b), defendants failed to file and serve on him a designation of additional portions of the record within the ten days following service of his designation of record on defendants. Lundy argues that he is not responsible for the defendants' failure to follow the rules and characterizes defendants' motion as an attempt to harass, delay, and intimidate him in pursuing his appeal. Fourth, Lundy argues that if any bond is required, it should be limited to the $150 he estimates the additional transcript of testimony will cost and that it should be offset by the costs assessed against defendants by the United States Court of Appeals for the Ninth Circuit in April, 1983 in connection with a previous appeal, in this matter.

■ After Lundy responded to defendants' motion, defendants did file a cross-designation of transcript, designating all portions of the record from January 31, 1984 onward not previously designated by Lundy, including closing arguments, but also excluding voir dire and opening statements.

Fed.R.App.P. 7 provides, in pertinent part:

The district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to ensure payment of costs on appeal in a civil case.

The requirement of an appeal bond under Appellate Rule 7 is left to the discretion of the district court. *Federal Prescription Service, Inc. v. American Pharmaceutical Association,* 636 F.2d 755 (D.C.Cir.1980).

The first question the court must decide is whether to require Lundy to file a bond or provide security for costs on appeal. Defendants have requested that Lundy file a bond in order to cover the costs of the transcription of additional portions of the record which were not designated by Lundy for the record on appeal. The question therefore becomes: which party is required to pay the costs of transcribing the additional portions of the record requested by defendants.

Appellate Rule 10(b) places on the appellant the burden of ordering and paying for the necessary parts of the trial transcript. 9 J. Moore, *Moore's Federal Practice* ¶ 210.05[1] at 10–23 (2d ed. 1983). Appellant must order transcribed "such parts of the proceedings not already on file as he deems necessary." Fed.R.App.P. 10(b)(1). Appellee then has ten days to designate additional parts for inclusion in the transcript. Fed.R.App.P. 10(b)(3). However, the primary responsibility for ordering necessary parts of the transcript rests with the appellant. 9 J. Moore, Moore's Federal Practice, ¶ 210.05[3] at 10–33 (2d ed. 1983).

■ Because Lundy has the primary responsibility for designating and paying for the necessary parts of the transcript, the court feels it would be proper for him to file a bond to ensure payment of the additional portions of the transcript ordered by defendants.

■ It remains to consider the amount of the bond Lundy should file. Lundy has estimated the cost of transcribing the additional testimony designated by defendants at $150. The estimate, however, does not include the cost of transcribing the closing arguments designated by defendants. Defendants have made no attempt to estimate the costs of transcription nor to justify their request for a bond in the amount of $2,500. Accordingly, the court thinks a bond in the amount of $500 would be appropriate. Lundy additionally has argued that the amount of the bond should be offset by the costs previously assessed against defendants by the United States Court of Appeals for the Ninth Circuit.

The court can find no authority for offsetting costs at this stage of the proceedings and, therefore, declines to do so.

NOW, THEREFORE, IT IS HEREBY ORDERED that plaintiff-appellant Lundy shall file an appropriate bond in the amount of $500 to ensure the cost of transcription of the additional portions of the trial transcript designated by defendants.